1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

ANN BEAHM,

10

Plaintiff,

11

v.

12

CITY OF BREMERTON, et al.,

13

Defendants.

Case No.   C09-5048RJB

ORDER ON MOTIONS
*IN LIMINE*

14

15

16

        This matter comes before the court on City Defendants' Motion *in Limine* (Dkt. 62) and City Defendants' Supplemental Motion *in Limine* (Dkt. 66).  The court is familiar with the records and files herein and documents filed in support of and in opposition to the motions.

17

18

19

20

21

        <u>Preliminary matters</u>.  First, the Federal Rules of Evidence govern admissibility of evidence. The court will do its best to follow those rules in ruling on these motions and in conducting the trial. The parties should be aware that the court cannot accurately rule on all evidentiary issues in advance.  Many rulings are based on the events of the trial, and many issues can best be resolved at trial rather than preliminarily.

22

23

        Second, the denial of a motion *in limine* does not mean that the subject evidence will be admissible.  It simply means that the court cannot rule on the issue in advance.

24

25

26

ORDER ON MOTIONS *IN LIMINE*- 1

1    Third, the granting of a motion *in limine* that excludes evidence often requires a re-

2 examination of the issue due to the events of the trial.

3    Fourth, many motions in limine to exclude evidence are based upon a lack of discovery.  In

4 ruling on such matters, the court needs to be made aware of whether discovery on the questioned

5 evidence was required by Rule 26 (a)(1)(A) and (B) *et seq*, or by the exact language of the request

6 for discovery.  Parties are entitled to discovery only in accord with the Federal Rules of Civil

7 Procedure, and they can't expect to know everything before trial.  Parties can only expect to know

8 those things that were specifically and properly required or requested in formal discovery.

9    Fifth, a motion *in limine* for exclusion only attacks an opponent's evidence, not that of the

10 moving party.

11    Following, the court will address the various motions using the same lettering system

12 referred to in the motions, but without referring to the title of each motion.

13    A.  This motion should be DENIED, but the court notes that as a predicate to admissibility,

14 there must be some causal showing connecting one or more defendants with the charges filed

15 against plaintiff.

16    B.  This motion should be DENIED, but the court notes that the information referred to may

17 only become relevant if defendants open the subject matter.  In other words, this information may

18 be offered as proof of pretext to counter claims that the defendants took proper action against

19 plaintiff.

20    C.  This motion should be DENIED.  It will be more appropriate for the court to rule on

21 portions of Ms. Rebelowski's proposed testimony at trial.  Clearly, portions of her testimony are

22 inadmissible, and it appears appropriate to hear an offer of proof outside the presence of the jury

23 before her testimony.

24    D.  This motion should be DENIED as to the question of whether Mr. Williams now works

25 for the City, but should be GRANTED without prejudice as to the balance of the information

26 ORDER ON MOTIONS *IN LIMINE*- 2

1   contained in the motion.  Mr. Williams' terminations and reasons therefore from the cities of

2   Bremerton and Spokane do not appear to be relevant to the issues in this case, but that subject could

3   be opened during direct testimony.

4          E.  This motion should be GRANTED.  The subject testimony only possibly might be

5   admissible to support a claim of pretext, but at minimum, an offer of proof outside the presence of

6   the jury should be made if counsel feels it appropriate to get into this subject matter.

7          F.  This motion should be GRANTED IN PART AND DENIED IN PART, as follows: Ms.

8   Horish's observations may be relevant and admissible.  Her conclusions are clearly not within the

9   Rules of Evidence, such as testimony about a "witch hunt" what "they" wanted, and her opinions of

10  discrimination against her.

11         G.  This motion should be GRANTED as to any expert testimony offered by plaintiff, but

12  should be DENIED insofar as medical providers may be fact witnesses.

13         H.  This motion is overbroad and therefore must be DENIED.  The court must hear

14  objections as to witnesses and exhibits individually at the time they are offered.

15         I.  The Kitsap Sun article may be admitted in limited part to show defamation damages but

16  only if it can be causally related to actions of one or more defendants.  Most of the article is clearly

17  inadmissible, except for the name of the newspaper, the heading "Bremerton City Worker Accused

18  of Felony Theft" and text "Bremerton.  A thirty-year Bremerton employee was charged with

19  Second Degree Theft in Kitsap County Superior Court for allegedly getting paid by the City for

20  hours she didn't work . . ." and "Ann Lyn Beahm, 51, was accused by the City of receiving about

21  $3,800.00 she didn't earn."  The rest of the article is clearly inadmissible on a number of grounds.

22         J.  Again, exclusion of particular witnesses should be handled on a witness-by-witness basis.

23         K.  The rules for admission of character evidence are clear, and the court will attempt to

24  abide by the Rules of Evidence.

25

26  ORDER ON MOTIONS *IN LIMINE*- 3

1    L.  The court does not have sufficient information about this portion of the motion to make a

2    definitive ruling at this point.

3    **IT IS SO ORDERED.**

4    The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of

5    record and to any party appearing *pro se* at said party's last known address.

6    DATED this 30th day of April, 2010.

7

8    Robert J. Bryan
     United States District Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   ORDER ON MOTIONS *IN LIMINE*- 4